# THE CHICAGO, WILMINGTON & VERMILLION COAL CO.
## v.
## GEORGE BALMER.

*Garnishment of Same Fund by Several Judgment Creditors—Answers of Garnishee—Authority of Attorney—Judgment for Attorney's Fee—Entry of Judgment in Appellate Court.*

1. Where appellant was served with garnishee process upon several judgments against appellee, and in its answers failed to set up the fact that the judgments aggregated more than the amount it owed appellee, and as a result was compelled to pay to appellee's creditors more than the amount due appellee, *held*, that appellant could not set up such excess against appellee in an action brought by him to recover a debt subsequently accrued.

2. It was not within the power of appellee's attorney, by virtue of his authority as such, to authorize the payment by appellant to the garnisheeing creditors of the amount in excess of its debt to appellee.

3. The including in the judgment of the court below, of an attorney's fee, was improper, the statutory conditions not having been complied with.

4. The facts being undisputed, judgment is entered in this court for the amount due.

[Opinion filed May 20, 1892.]

APPEAL from the County Court of Bureau County; the Hon. ROBERT R. GIBONS, Judge, presiding.

Messrs. FRED T. BEERS and ECKLES & KYLE, for appellant.

Mr. JOHN L. MURPHY, for appellee.

MR. JUSTICE CARTWRIGHT. Appellee was employed as a miner by appellant, and brought this suit for wages earned in such employment, claiming $76.11 for work in the months of January, February and March, 1891.

The suit was begun before a justice of the peace, and on appeal to the County Court there was judgment for appellee for $72.90 wages and $10 attorney's fees. Appellee worked for the company in the months of November and December, 1890, and January, February and March, 1891. The sum earned in each month was payable on the third Saturday of the next succeeding month. On the 15th day of December, 1890, appellant was served as garnishee in an attachment proceeding begun by Catharine McKenna, before a justice, against appellee, wherein there was personal service on appellee and judgment against him; after which judgment appellant was again, on the 10th day of January, 1891, served with the ordinary garnishee summons, issued after judgment on affidavit, returnable January 16, 1891. On the 9th day of January, 1891, appellant was served as garnishee upon two justices' judgments against appellee, in favor of William Harrison and John L. Murphy, respectively, and the process was returnable January 14, 1891.

Appellant, by its proper officers, appeared as garnishee in each of the three cases, and answered, touching the amount due and owing from it to appellee, in each, without setting up the other garnishments, or having the relative rights of the garnishing creditors settled. The total amount owing at the time of appellant's last answer was $91, regardless of the judgments already entered, and this amount appellant answered as owing, without disclosing the entry of the other judgments. In consequence of these answers, judgments were entered against appellant as garnishee, aggregating $125.46, which it paid, and which were in excess of the amount actually due. In this suit appellant sought to set off this excess against the wages subsequently earned, claiming that John L. Murphy, appellee's attorney, authorized

C., W. & V. Coal Co. v. Balmer.

the payment of the judgments. There was some evidence that the attorney, who was also one of the judgment creditors, said that there was enough for all, and this was the reason payment was made, while said attorney denied any agreement on his part. If there was any agreement it was after the time for an appeal had expired, and there was no way for appellant to avoid payment; and further, such agreement was without authority. No special authority was shown in the attorney, and he had no power to make any agreement, with the effect claimed, by virtue merely of his employment as attorney. It was appellant's fault that it allowed judgment to be entered against it aggregating more than was due, and it could not set off in this suit more than was earned during the time sued for up to the date of its answer.

The evidence shows that the amount earned after the answers was $71.05. Before the trial of this suit in justice court appellant paid into court as a tender for damages and costs $37.14, which was not equal to the amount that appellee was entitled to recover. The attorney's fee of $10 was allowed under the statute providing for such fee in cases where a demand has been made in writing, at least three days before suit is brought, for a sum not exceeding the amount found due and owing by the court or jury. There was no proof of a demand for more than was due and owing, or for any specific sum.

In order to recover under this statute a plaintiff must show that he has pursued the method pointed out by the statute, and this not having been done the allowance of the attorney's fee was erroneous. The judgment of the County Court will be reversed, and there being no material disputed question of fact, judgment will be entered in this court for appellee for $71.05 damages and costs, except the costs of this appeal, and execution awarded therefor, the appellant to be credited on the judgment with the amount tendered, if received by appellee, and judgment against appellee for costs of appeal, and execution ordered therefor.

*Reversed, and judgment in this court.*